Exhibit A

Randall C. Rechs, Esq. (SB# 195159)
LAW OFFICES OF RANDALL C. RECHS
11455 El Camino Real, Suite 358
San Diego, CA 92130
Telephone: (619) 696-6200
Facsimile: (619) 236-0153

Attorney for Plaintiff

FILED
CIVIL BUSINESS OFFICE 11
CENTRAL DIVISION

2018 APR -5 P 4: 08

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO - CENTRAL

| | |
|---|---|
| MADDEN BILOKONSKY, individually, by and through his Guardian ad Litem, COURTNEY BILOKONSKY,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, a government entity; MILLER ELEMENTARY SCHOOL, a government entity; MURPHY CANYON YOUTH CENTER, a government entity; NAVY REGION SOUTHWEST CHILD AND YOUTH PROGRAM, a government entity, and<br>DOES 1-50, inclusive,<br><br>Defendants. | Case No. **37-2018-00016847-CU-PO-CTL**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. NEGLIGENCE**<br><br>**2. PREMISES LIABILITY**<br><br>**3. DANGEROUS CONDITION OF PUBLIC PROPERTY** |

COMES NOW Plaintiff, MADDEN BILOKONSKY, and for all causes of action, alleges as follows:

### I. PARTIES AND VENUE

1. At all times, where the wrongful conduct occurred as alleged herein, Plaintiff MADDEN BILOKONSKY was, and still is, a minor who resided with her family within the County of San Diego, State of California. Plaintiff MADDEN BILOKONSKY hereby brings suit by and through his Guardian ad Litem, COURTNEY BILOKONSKY.

2. Plaintiff is informed and believes, and upon such information and belief, alleges that at all times mentioned herein, Defendants SAN DIEGO UNIFIED SCHOOL DISTRICT, MILLER ELEMENTARY SCHOOL, MURPHY CANYON YOUTH CENTER, NAVY REGION

1

COMPLAINT FOR DAMAGES

1. SOUTHWEST CHILD AND YOUTH PROGRAM , and DOES 1-50 inclusive, were government entities, individuals, corporations or other business entities licensed to do business, and doing business in the County of San Diego, State of California.

3. Defendant MILLER ELEMENTARY SCHOOL, was, and is a government entity in the State of California, under California law, located at 4343 Shields St, San Diego, CA 92124, within the SAN DIEGO UNIFIED SCHOOL DISTRICT.

4. Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT, was, and is a government entity in the State of California, under California law, located at 4100 Normal St, San Diego, CA 92103. Plaintiff hereby brings suit within the statutorily-prescribed time, pursuant to *California Government Code § 945.6*.

5. Defendant MURPHY CANYON YOUTH CENTER was, and is a federal government entity, under Federal law, located at 4867 Santo Rd, San Diego, CA 92124.

6. Defendant NAVY REGION SOUTHWEST CHILD AND YOUTH PROGRAM was, and is a federal government entity, under Federal law, located at 4867 Santo Rd, San Diego, CA 92124.

7. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50. Therefore, Plaintiff sues Defendants by such fictitious names. Plaintiff will seek leave to amend this compliant to allege the true names and capacities when ascertained. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants are responsible for the occurrences alleged herein and are liable to Plaintiff for the damages legally caused thereby.

8. Except where specifically otherwise stated in the complaint, each Defendant sued was the agent, employee, or representative of the remaining Defendants and was acting within the course, scope, and authority of such relationship.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff incorporates by reference paragraphs 1-8, as though fully set forth herein.

10. On or about June 4, 2017, Plaintiff MADDEN BILOKONSKY, a five year-old at the time, was enrolled and attending MILLER ELEMENTARY SCHOOL and MURPHY CANYON YOUTH CENTER. At this time, he opened up to his parents about months of routine bullying that had been

2

COMPLAINT FOR DAMAGES

occurring at both these locations by two older children.

11. Primarily throughout April and May of 2017, five year-old Plaintiff MADDEN BILOKONSKY was repeatedly cornered in the bathroom and the gym of the school and youth center, forcibly undressed, and touched and hit in his private area and face by two nine year-olds. Both the school and the youth center claim to be supervising these children, yet all Madden's supervisors did nothing regarding these repeated events, despite Madden's repeat attempts to tell the supervising adults about the bullying and approximately thirteen nurse visits, mostly for trauma to the head and groin, in roughly a two month period. Additionally, the older children routinely bloodied Madden's nose and prevented him from receiving snacks provided to him by the school and youth center.

12. After Madden's parents repeatedly contacted the school and the youth center about these attacks, the youth center's regional director promised to take every measure possible; he promised to investigate the matter further, notify the entire staff, and notify the parents of the children involved. The school's vice principal denied the possibility of the bullying because the nine year-olds are kept separate from the five year olds.

13. For the three days following June 4, 2017, Madden's mother picked Madden up from school. Each day, she witnessed the child who had abused Madden standing in the same area as the kindergarteners, who were all waiting to be picked up from school. When this was brought to the attention of the vice principal, he was shocked. He promised that something would be done.

14. Two days after the regional director of the youth center was notified of the incidents, Madden's parents talked to the care-givers who usually drove Madden to the youth center after school, who were still trying to transport Madden to the youth center. Madden's parents then discovered that despite the regional director's assurances that all staff would be notified, they had not been notified of the incidents. Madden's mother then emailed the director of the youth center, requesting information regarding why these care-givers were not aware of the incidents, but has still received no reply.

15. To date, there have been no attempts to investigate, notify about, or prevent future attacks by either the school or the youth center. Madden has not been sent back to MURPHY CANYON YOUTH CENTER since June 4, 2017.

3

COMPLAINT FOR DAMAGES

16. As a result of these incidents, Plaintiff MADDEN BILOKONSKY requires psychiatric therapy, as he has been traumatized and blames himself. He has also missed school and time with his friends because he now has to be supervised by his parents.

17. MADDEN BILOKONSKY'S parents, COURTNEY BILOKONSKY and her husband Vasyl, have both suffered tremendous anxiety and have missed time at work in order to supervise Madden. Madden's mother even stopped looking for a new job, as she felt she could not trust the school or youth center to supervise him adequately.

### III. FIRST CAUSE OF ACTION

**(General Negligence, as to all Defendants)**

18. Plaintiff incorporates by reference paragraphs 1-17, as though fully set forth herein.

19. Because Plaintiff was a student enrolled at Defendant's school and after-school care program, subject to the instruction of Defendant's employee-teachers/supervisors, Defendant's employee-teachers/supervisors owed the Plaintiff a duty to act as a reasonably prudent teacher/supervisor under the circumstances.

20. Defendants had a duty to exercise reasonable care to protect Plaintiff from injury on the premises, which included the duty to conduct reasonable supervision of the Plaintiff during his time at school and after care.

21. Defendants negligently conducted reasonable supervision on the subject premises by negligently allowing students of different age groups, and therefore different levels of physical strength, in unrestricted numbers, to be in unsupervised areas, such as the gym and bathrooms, together, causing a hazardous condition. Despite the "one student in the bathroom at a time" policy, defendants repeatedly failed to enforce said policy, allowing younger students to be subjected to the dangerous condition.

22. Plaintiff's repeated requests for help from teachers and supervisors, approximate thirteen nurse visits for head and groin trauma in a two month period, and bloody noses and stolen snacks were present for a sufficient amount of time that Defendants discovered or should have discovered the dangerous condition in the exercise of reasonable care.

23. Defendants carelessly, wantonly, and unlawfully operated, controlled, and maintained the supervision of said premises, as to negligently allow students to be unsupervised, leaving the younger students defenseless to attack, where it was reasonably foreseeable that younger students, including Plaintiff MADDEN BILOKONSKY, would be attacked.

24. As a result of Defendant's negligence, Plaintiff was injured. Accordingly, Defendants were the actual and proximate cause of the Plaintiff's injuries.

25. As a result of Defendant's negligence, Plaintiff incurred damages for medical bills, and pain and suffering, in an amount according to proof.

## IV. SECOND CAUSE OF ACTION

### (Premises Liability, as to all Defendants)

26. Plaintiff incorporates by reference paragraphs 1-25, as though fully set forth herein.

27. Defendants are the owners/occupants/lessors of the properties located at 4343 Shields St, San Diego, CA 92124 and located at 4867 Santo Rd, San Diego, CA 92124.

28. Defendants had a duty to exercise reasonable care in the use, maintenance, and management of said premises in order to avoid exposing persons to an unreasonable risk of harm.

29. Defendants had a duty to maintain a reasonably safe premises, which included the duty to ensure areas frequented by students, were free from hazardous conditions.

30. Defendants breached their duty by creating a dangerous condition on the property when Defendants failed to supervise the gym and bathroom areas, where it was foreseeable that students might be bullied.

31. Defendants breached their duty by failing to eliminate said hazardous condition with adequate supervision.

32. By creating the dangerous condition, Defendants were both the actual and proximate cause of Plaintiff's injuries.

33. As a result of Defendant's breach, Plaintiff incurred damages, including pain and suffering, medical expenses, and emotional distress, in an amount according to proof.

///

5

COMPLAINT FOR DAMAGES

## V. THIRD CAUSE OF ACTION

**(Dangerous Condition of Public Property, Gov. Code § 835, as to all Defendants)**

34. Plaintiff incorporates by reference paragraphs 1-33, as though fully set forth herein.

35. Defendants are the owners/occupants/lessors of the properties located at 4343 Shields St, San Diego, CA 92124 and located at 4867 Santo Rd, San Diego, CA 92124.

36. At the time of the incident, the unsupervised bathrooms and gym were a dangerous condition. Defendants had notice of the bullying which was the dangerous condition.

37. The dangerous condition created a reasonably foreseeable risk that a student would be bullied.

38. Defendant's employee-teacher/supervisor was acting in the scope of his employment by allowing the older and younger students to be unsupervised and unrestricted in number in the gym and bathrooms together at the same time.

39. Defendant's employee-teacher/supervisor created the dangerous condition by allowing younger students to use the restroom and gym at the same time as the older students, unsupervised and unrestricted in number.

40. The dangerous conditions of the gym and bathrooms were a substantial factor in causing Plaintiff's injuries.

41. As a result of Defendant's employee-teacher/supervisor's negligence, Plaintiff incurred damages, including pain and suffering, medical expenses, and emotional distress, in an amount according to proof.

///
///
///
///
///
///
///

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, and requests that the court grant relief as follows:

1. For general damages;
2. For medical and related expenses, according to proof;
3. For costs of the suit incurred herein;
4. For such other and further relief as the Court may deem proper.

LAW OFFICES OF RANDALL C. RECHS

DATED: April 4, 2014

Randall C. Rechs, Esq.,
Attorney for Plaintiff

7

COMPLAINT FOR DAMAGES