UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADDEN BILOKONSKY, by and through his Guardian ad Litem, COURTNEY BILOKONSKY,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>          Defendants. | Case No.: 19-CV-1054-CAB-AHG<br><br>**ORDER GRANTING DEFENDANT SAN DIEGO UNIFIED SCHOOL DISTRICT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 16] |

This matter is before the Court on a motion to dismiss filed by Defendant San Diego Unified School District ("SDUSD"). [Doc. No. 16.] The motion was filed on October 11, 2019 and set a hearing date (for briefing purposes only) of November 15, 2019. Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of November 15, 2019, Plaintiff's opposition to the motion to dismiss was due on November 1, 2019. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* S.D. Cal. CivLR 7.1.f.3.c.

1

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Plaintiff is represented by counsel and has previously filed oppositions in this case. Accordingly, the Court assumes the lack of opposition to SDUSD's motion to dismiss is intentional and constitutes Plaintiff's consent to the granting of the motion.

Here, while the *Ghazali* factors support granting the motion based on the lack of opposition alone, upon review of the motion and Plaintiff's Second Amended Complaint ("SAC"), the Court finds that Plaintiff fails to state a claim against Defendants San Diego Unified School District and Miller Elementary School and that no argument in opposition could possibly persuade the Court otherwise.

First, Plaintiff effectively dismissed SDUSD by not only removing SDUSD from the case caption, but also by failing to plead any facts or allegations against SDUSD in the SAC after amending his complaint twice. [*See* Doc. No. 9.] Second, Plaintiff's allegations against SDUSD or Miller Elementary School are subject to the California Tort Claims Act. Plaintiff has failed to plead compliance with the California Tort Claims Act which requires that prior to filing a lawsuit for money or damages against a public entity, a plaintiff must present a Claim to the public entity for its review.

Under California Government Code section 945.4, "no suit for money or damages may be brought against a public entity on a cause of action . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Once a claim has been filed with the public

entity, the period within which the claimant may initiate a lawsuit depends on the public entity's mode of response. If written notice is provided to the claimant, then the claimant has six months from the date of personal delivery or mail deposit of the notice to file a lawsuit. Cal. Gov. Code § 945.6(a)(1). If no written notice is provided, the claimant has two years from accrual of the cause of action to initiate a case. *Id.* § 945.6(a)(2). The public entity must act upon a claim within 45 days or the claim will be deemed rejected by operation of law. *Id.* § 912.4; *see also Gay-Straight All. Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1107 (E.D. Cal. 2001) ("When a public entity receives a document which contains the information required by section 910 and . . . section 910.2, the public entity has been presented with a 'claim' under the act, and must act within 45 days or the claim is deemed to have been denied (§ 912.4).").

If a claimant does not initiate a lawsuit within the applicable time limitation, then the claimant is barred from filing a lawsuit as to any cause of action subject to the Act. *Id.* § 950.2; *see also Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861 (5th Dist. Ct. App. 1983)) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."). Consequently, it appears any cause of action against SDUSD is time-barred as it has been more than two years since accrual of Plaintiff's cause of action.

Third, Defendant Miller Elementary School is neither a "government entity" nor a "business entity licensed to do business" as Plaintiff contends. Miller Elementary School is a school within the SDUSD but it is not a proper party to a lawsuit itself as it is not a public entity as defined by California Government Code §§ 811.2, 900.4. Plaintiff's erroneous attempt to label Defendant Miller Elementary School as "part of the San Diego Unified School District" is improper. Any cause of action would need to be alleged against SDUSD which is time-barred as indicated above.

Finally, Plaintiff fails to state a claim against Defendant SDUSD or Defendant Miller Elementary School in the SAC. While Plaintiff's first cause of action for violation of

California Civil Code § 1714(a) includes allegations against Defendant Miller Elementary School, as stated above it is not a proper party to a lawsuit itself. Plaintiff's second cause of action for general negligence states it is alleged as to all Defendants but only alleges facts as to Defendant United States.

Accordingly, the motion to dismiss is **GRANTED** based on the lack of opposition and on its merits for the reasons set forth above, and the complaint is **DISMISSED with prejudice** as to Defendant San Diego Unified School District and Defendant Miller Elementary School.

It is **SO ORDERED**.

Dated: November 7, 2019

Hon. Cathy Ann Bencivengo
United States District Judge