UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.B., by and through his Guardian ad Litem, COURTNEY BILOKONSKY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>Defendants. | Case No.: 19-CV-1054-CAB-AHG<br><br>**ORDER GRANTING DEFENDANT SAN DIEGO UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Doc. No. 16] |

This matter is before the Court on a motion to dismiss filed by Defendant San Diego Unified School District ("SDUSD"). [Doc. No. 16.] On November 7, 2019, the Court granted SDUSD's motion to dismiss with prejudice based on a lack of opposition and on its merits. [Doc. No. 18.] On November 8, 2019, Plaintiff's counsel filed an affidavit explaining the circumstances for failing to file an opposition on time and the opposition itself. [Doc. Nos. 19, 20.] Subsequently, in light of Plaintiff's affidavit and opposition, the Court withdrew its Order granting SDUSD's motion to dismiss and instructed SDUSD to file its reply. [Doc. No. 21.] For the reasons set forth below, SDUSD's motion to

dismiss is granted with leave to amend.

## I. BACKGROUND[1]

The Second Amended Complaint ("SAC") alleges that Plaintiff, a six-year-old, encountered ongoing bullying and harassment in the bathroom and gym from older students while at Miller Elementary School and Murphy Canyon Youth Center. [Doc. No. 9 at ¶ 10.[2]] Plaintiff visited the school nurse thirteen times in roughly two months and reported the bullying to various supervising adults that were around during the incidents. [*Id.*] Plaintiff's mother learned that the nurse never reported the bullying and the vice principal denied any possibility of bullying. [*Id.* at ¶ 11.] No attempts to investigate or prevent future attacks have been made. [*Id.* at ¶ 16.] As a result of these incidents, Plaintiff suffered physical injuries and requires psychiatric therapy. [*Id.* at ¶ 17.] The SAC asserts two causes of action for violation of California Civil Code § 1714(a) and for general negligence against Defendants United States of America, Murphy Canyon Youth Center, Navy Region Southwest Child and Youth Programs, and Miller Elementary School.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law are

---

[1] The facts herein are derived from Plaintiff's Second Amended Complaint. [Doc. No. 9.] The Court is not making any findings of fact, but rather summarizing the relevant allegations of Plaintiff's complaint.
[2] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

insufficient to defeat a motion to dismiss"). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Generally, when dismissing a complaint for failure to state a claim, the court should deny opportunity to amend only if amendment would be futile. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (dismissal without leave to amend is appropriate if amendment "could not possibly cure the deficiency"), amended, 856 F.2d 111 (9th Cir. 1988).

## III. DISCUSSION

Defendant SDUSD contends: (1) Plaintiff removed SDUSD from the case caption and fails to assert specific factual allegations against SDUSD; (2) Miller Elementary School is not a proper defendant; (3) Plaintiff fails to plead compliance with California's Tort Claims Act; and (4) Plaintiff fails to state a cognizable claim against SDUSD. The Court addresses each of Defendant's arguments in turn.

### A. Specific Factual Allegations as to SDUSD

SDUSD contends that while Plaintiff's amended summons makes clear that Plaintiff intended the SAC to assert claims against SDUSD and Miller Elementary School separately and individually, Plaintiff effectively dismissed SDUSD by removing SDUSD from the case caption and failing to include any allegations against SDUSD throughout the SAC. Furthermore, SDUSD posits that this removal was purposeful because in Plaintiff's prior pleadings Plaintiff named SDUSD and Miller Elementary School as separate defendants. SDUSD is correct that Plaintiff effectively dismissed SDUSD from the case by removing it from the case caption and removing all allegations against it.

In response, however, Plaintiff contends the removal of SDUSD was an inadvertent mistake, further supported by the fact that allegations against SDUSD were present in both the state court and first amended complaint. SDUSD's acknowledgment that the amended summons was served on SDUSD addressed to "Miller Elementary School and the San

3

Diego Unified School District" appears to support a reasonable inference that Plaintiff did intend to have SDUSD remain as a named defendant in this case. However unintentional they may have been, Plaintiff's counsel's actions, or inactions, in this case are extremely disturbing to the Court and bordering on ethical violations to his client. That being said, while the Court is not sympathetic to the reasoning behind Plaintiff's counsel's mistake of removing SDUSD from the case caption and throughout the SAC itself, in the furtherance of justice towards this minor Plaintiff, the Court will allow Plaintiff leave to amend to correct this mistake. Accordingly, SDUSD's motion to dismiss for effectively dismissing SDUSD is **GRANTED with leave to amend**.

### B. Miller Elementary School as a Named Defendant

As the Court explained in its previous Order, Defendant Miller Elementary School is neither a "government entity" nor a "business entity licensed to do business" as Plaintiff contends. Miller Elementary School is a school within the SDUSD but it is not a proper party to a lawsuit itself as it is not a public entity as defined by California Government Code sections 811.2 and 900.4. Plaintiff's erroneous attempt to label Defendant Miller Elementary School as "part of the San Diego Unified School District" is improper. Any cause of action in relation to Miller Elementary School would need to be alleged against SDUSD. Plaintiff now concedes that Defendant Miller Elementary School is not a proper party, but contends it is evident that Plaintiff is also asserting these allegations against SDUSD. As previously stated, SDUSD was effectively dismissed by Plaintiff's removal of SDUSD throughout the SAC. Accordingly, Defendant Miller Elementary School is **DISMISSED with prejudice** and Plaintiff is granted leave to amend to re-allege its allegations against SDUSD as indicated above.

### C. Compliance with California's Tort Claims Act

Plaintiff also concedes that his allegations against SDUSD are subject to the requirements under the California Tort Claims Act. Under California Government Code section 945.4, "no suit for money or damages may be brought against a public entity on a cause of action . . . until a written claim therefor has been presented to the public entity and

has been acted upon by the board, or has been deemed to have been rejected by the board." Once a claim has been filed with the public entity, the period within which the claimant may initiate a lawsuit depends on the public entity's mode of response. If written notice is provided to the claimant, then the claimant has six months from the date of personal delivery or mail deposit of the notice to file a lawsuit. Cal. Gov. Code § 945.6(a)(1). If no written notice is provided, the claimant has two years from accrual of the cause of action to initiate a case. *Id*. § 945.6(a)(2).

Plaintiff failed to plead or attach any documents to show compliance with these requirements in the SAC. However, attached to Plaintiff's opposition is SDUSD's rejection of Plaintiff's claim dated October 10, 2017. [Doc. No. 20 at 10.] Plaintiff filed the state court complaint, which named SDUSD as a Defendant, on April 5, 2018, which satisfies the six-month statute of limitations requirement. [Doc. No. 1-2.] The Court is not persuaded by SDUSD's attempt to argue that Plaintiff's claims are now time barred because SDUSD would have to be added as a new party. While SDUSD was effectively dismissed due to Plaintiff's counsel's mistake, SDUSD was named in both the state court complaint and the first amended complaint after removal to this Court. Accordingly, SDUSD's motion to dismiss Plaintiff's complaint as time barred is **DENIED**.

### D. Failure to State a Cognizable Claim

SDUSD contends that Plaintiff's SAC fails to state a cognizable claim against SDUSD because pursuant to California Government Code section 815(a), "Except as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." SDUSD contends that Plaintiff's first cause of action for violation of California Civil Code section 1714 "is an insufficient statutory basis for imposing direct liability on public agencies." *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1180 (2003). Further, because section 1714 merely codifies the common law principles of "general negligence," SDUSD contends that Plaintiff's second cause of action fails with equal (if not greater) force.

5

In *Eastburn*, the California Supreme Court held that because no statute imposed liability on public entities for negligence in handling emergency calls, the defendant public entities were not directly liable for a 911 dispatcher's failure to send appropriate personnel and equipment to the scene of a household accident; vicarious liability for the dispatcher's own alleged negligence was barred by a statute providing qualified immunity for emergency rescue personnel. *Id*. at 1179–1185.

California Government Code section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." *See Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 498. A private cause of action lies against a public entity only if the underlying enactment sets forth the elements of liability set out in section 815.6. *Id*. at 499–500. The enactment at issue must be *obligatory*, rather than merely discretionary or permissive, in its directions to the public entity, and it must *require*, rather than merely authorize or permit, that a particular action be taken or not taken. *See id*. at 498. The mandatory duty must also be designed to protect against the particular kind of injury the plaintiff suffered. *See id*. at 499. Here, Plaintiff has failed to identify any mandatory duty imposed by statute pursuant to California Government Code section 815.6 that could find SDUSD directly liable in this case.

However, as to Plaintiff's second cause of action for negligence, Plaintiff has sufficiently alleged a cognizable claim that could find SDUSD vicariously liable. Under California Government Code section 815.2, "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee." *Id*. § 815.2. "[I]n order to prevail in a negligence action, plaintiffs must show that defendants owed them a legal duty, that defendants breached that duty, and that the breach proximately caused their injuries."

*Wiener v. Southcoast Childcare Ctrs., Inc.*, 32 Cal. 4th 1138, 1145 (2004). The relationship between school personnel to "students gives rise to a duty of care." *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal.4th 925, 933 (1998). "California law has long imposed on school authorities a duty to supervise at all times the conduct of the children on the school grounds and to enforce those rules and regulations necessary to their protection." *Id*. at 934 (quoting *Peterson v. S.F. Cmty. Coll. Dist.*, 36 Cal.3d 799, 807 n.3 (1984)). "The law regarding the duty of supervision on school premises is very, very well established. It is the duty of the school authorities to supervise at all times the conduct of the children on the school grounds and to enforce those rules and regulations necessary to their protection. The school district is liable for injuries which result from a failure of its officers and employees to use ordinary care in this respect." *J.H. v. Los Angeles Unified School Dist.*, 183 Cal.App.4th 123, 139–140 (2010) (internal citations omitted); *see also C.A. v. William S. Hart Union High School Dist.*, 53 Cal.4th 861, 865 (2012) ("Ample case authority establishes that school personnel owe students under their supervision a protective duty of ordinary care, for breach of which the school district may be held vicariously liable.")

Here, Plaintiff alleges specifically that the nurse at Miller Elementary School and Murphy Canyon Youth Center, among other officials, failed to inform other faculty members about the ongoing bullying and harassment taking place and that the nurse was acting within the scope of her employment when Plaintiff visited with traumatic injuries. [Doc. No. 9 at ¶ 28.] Further, Plaintiff alleges that all of the Defendants had a duty to exercise reasonable care to protect Plaintiff and that Defendants failed to exercise this duty of care by failing to enforce their policies and informing the rest of the staff about the severe bullying taking place, leaving Plaintiff susceptible to abuse. [*Id*. at ¶¶ 29, 30.] As a direct and proximate result, Plaintiff suffered injuries. [*Id*. at ¶ 32.] In Plaintiff's opposition, Plaintiff also states that SDUSD has a sexual harassment policy which required the nurse to report Plaintiff's harassment.

Accordingly, Plaintiff has alleged a cognizable claim which could result in Defendant SDUSD being found vicariously liable and the motion to dismiss for failure to

state a cognizable claim is **DENIED**. As indicated above, Plaintiff is granted leave to amend the complaint to re-allege any allegations as to Defendant SDUSD in place of Miller Elementary School who is hereby **DISMISSED**.

### IV. CONCLUSION

For the foregoing reasons, Defendant SDUSD's motion to dismiss is **GRANTED with leave to amend**. Plaintiff may amend the complaint to re-allege his allegations as to Defendant SDUSD in place of Miller Elementary School, and to allege any statutory basis, if any, that could hold Defendant SDUSD directly liable under Plaintiff's first cause of action by **December 6, 2019**. This Order does not grant Plaintiff leave to amend to add any additional causes of action and Plaintiff may only cure the deficiencies identified herein. Defendant Miller Elementary School is hereby **DISMISSED with prejudice**.

It is **SO ORDERED**.

Dated: November 25, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge